UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

ROBERT K. PICKLE,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Civil Action No. 6:17-225-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Robert K. Pickle is an inmate formerly confined at the United States Penitentiary ("USP")-McCreary in Pine Knot, Kentucky.[1] Proceeding without an attorney, Pickle filed a civil action against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2670 *et seq.* ("FTCA"). [R. 1] Defendant has filed a motion to dismiss or, in the alternative, motion for summary judgment. [R. 16] Pursuant to the Court's Order entered May 25, 2018, Pickle was required to file a response to Defendant's motion within 45 days of that Order [R. 17] However, that time period has now expired, and no response has been filed by Pickle. Thus, this matter is ripe for review.

**I.**

In his complaint, Pickle alleges that, on August 9, 2016, while he was confined at USP-McCreary, he was processing trash bags for recyclable materials, which was part of his Bureau of Prisons ("BOP") work detail. [R. 1 at p. 3-4] He alleges that he placed his hand in a bag and was "stuck" with a diabetic blood tester with a needle protruding about 1/8 of an inch. [R. 1 at p. 4]

---

[1] Pickle has since been transferred and is currently confined at the Federal Corrections Institution-Jesup in Jesup, Georgia.

According to Pickle, the trash bag contained multiple other testers, blood-stained cotton balls, and various other debris. [*Id*.] He states that he removed his work gloves and noted that his finger had been punctured and was bleeding. [*Id.*] He further states that he reported the incident to his immediate Supervisor, Correctional Officer Downey, who instructed him to wash his hand with soap and water, instructed another inmate to retrieve the bag that Pickle had been working on, and called "HSU (medical)." [*Id*.] Pickle alleges that he was then instructed to go to medical for follow-up treatment. [*Id*.]

Pickle's complaint seeks to bring a claim under the FTCA based on his allegations that unknown BOP medical staff did not follow safety precautions requiring that all blood-contaminated needles, testers, cotton balls, etc., be placed into a red "Hazardous Materials" bag, which would then be taken for incineration per hazmat procedures. [*Id*.] Pickle alleges that the failure to comply with these precautions placed him at serious risk for contracting HIV/AIDS. [*Id*.]

Defendant's motion argues that, because Pickle's injury was work-related, Pickle's complaint must be dismissed for lack of subject matter jurisdiction, as Pickle's FTCA claim is barred by the exclusivity provision of the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126. [R. 16-1 at p. 3, 5-8] Defendant further argues that Pickle failed to properly exhaust his FTCA claim prior to filing this action [*Id*. at p. 3, 8-9], and that Pickle's complaint should also be dismissed for failure to state a claim for which relief may be granted, as his injuries are merely speculative. [*Id*. at p. 9-10] In the alternative, Defendant's motion seeks summary judgment in its favor on the grounds that there is insufficient evidence to support the essential elements of Pickle's case. [*Id*. at R. 10-12]

**II.**

Before addressing the merits of Defendant's motion, the Court notes that, in its May 24, 2018 Order directing Pickle to respond to Defendant's motion, the Court specifically warned Pickle that, should he fail to file a response by the deadline provided by the Order, the Court may dismiss his case for failure to prosecute, *see* Fed. R. Civ. P. 41(b), or grant Defendant's motion for any reason adequately supported by the record, *see Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991). [R. 17] Pickle did not file a response to Defendant's motion, despite this specific warning that his failure to do so may result in the dismissal of his case for failure to prosecute. Dismissal is generally warranted where the party fails to act in the face of a clear prior warning that the case would be dismissed. *Bowles v. City of Cleveland*, 129 F. App'x 239, 244 (6th Cir. 2005). Thus, Pickle's failure to file a response alone warrants dismissal of his complaint.

Regardless, in the interest of completeness and finality, the Court will also consider the substantive arguments set forth by Defendant in its motion to dismiss. A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint. *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364 (6th Cir. 2014). When addressing a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff and accepts as true all 'well-pleaded facts' in the complaint. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). Because Pickle is proceeding without the benefit of an attorney, the Court reads his complaint to include all fairly and reasonably inferred claims. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

The IACA, a subsection of the Prison Industries Fund statute, provides for compensation to inmates in the event of an injury suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined. 18 U.S.C.

§ 4126(c)(4). The right to compensation provided by § 4126 is the exclusive remedy for a federal prisoner injured in the performance of an assigned task while in a federal penitentiary, thus any claim under the FTCA for damages and equitable relief arising out of any such injury is barred. *United States v. Demko*, 385 U.S. 149, 152 (1966); *Wooten v. United States*, 825 F.2d 1039, 1044 (6th Cir. 1987)(further noting that"[s]ection 4126 is also the exclusive remedy when a work related injury is subsequently aggravated by negligence and malpractice on the part of prison officials…or when the injury stems from a negligent job assignment.")(citations omitted). *See also* 28 C.F.R. § 301.319 ("Inmates who are subject to the provisions of these Inmate Accident Compensation regulations are barred from recovery under the [FTCA]").

Here, the allegations of Pickle's complaint make clear that his injury giving rise to his FTCA claim occurred while he was processing trash bags as part of his BOP work detail. [R. 1 at p. 5] Thus, the IACA is Pickle's exclusive remedies for any injuries suffered while performing the duties assigned to him. Accordingly, his complaint seeking to bring a claim under the FTCA must be dismissed for lack of subject matter jurisdiction.

Because the Court finds that Pickle's claims must be dismissed for lack of subject matter jurisdiction, it declines to address Defendant's arguments that Pickle failed to exhaust his administrative remedies with respect to his FTCA claim before filing this lawsuit, that Pickle's complaint fails to state a claim under Rule 12(b)(6) because he alleges only speculative injury and, in the alternative, that it is entitled to summary judgment on Pickle's claims.

Accordingly, it is **ORDERED** as follows:

1. Defendant's Motion to Dismiss [R. 16] is **GRANTED** to the extent that it seeks dismissal of Plaintiff's Complaint for lack of subject matter jurisdiction. To the extent that Defendant's Motion seeks relief on other grounds, it is **DENIED AS MOOT**.

2. Plaintiff's Complaint [R. 1] is **DISMISSED WITH PREJUDICE**.

3. The Court will enter a judgment contemporaneously with this order.

4. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

Dated August 9, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY